**HOPKINS et, Plaintiff-Appellee, v. CLEVELAND TRUST CO. et, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22688. Decided January 19, 1953.

Jones, Day, Cockley & Reavis and Luther Day, of counsel, Cleveland, for plaintiff-appellee.

Arter, Hadden, Wykoff & Van Duzer and C. M. Horn, of counsel, Cleveland, for defendant-appellant.

## OPINION

PER CURIAM:

The motion to dismiss the appeal is granted on the ground that said appeal is prematurely filed and the court has no jurisdiction thereof for the reason that the order appealed from is not a final order, judgment or decree, but an interlocutory order only.

It appears on the face of the journal of the order from which the appeal is taken, that the trial court retained jurisdiction and reserved final judgment for the purpose of enabling the parties to make a determination as to whether and to what extent stock dividends received for the trust since the appointment of the successor trustee shall be treated as principal or income, as they may deem "just and equitable" for the purpose of entry of a final order or decree.

It further appears from the journal entry that counsel for the parties are instructed to notify the court if they have been able to make such a determination within a thirty-day period, in which event a further appro-

priate entry will be made. It is further provided that in the event the parties are unable to make such a determination, the court will proceed to determine whether and to what extent such stock dividends shall be treated as principal or income of the trust, as the court may deem "just and equitable," and shall thereupon enter its judgment and decree embodying its determination and its instructions to the parties providing a pattern for future treatment of stock dividends received by the trust in the future. This is an order which does not determine the issues of law and fact with the finality necessary to constitute a final order, judgment or decree, as defined by §12223-2 GC.

We refrain from a discussion of the issues at this time, as we assume that when a final entry is made, the cause will come before us for decision on the merits, if either one or both of the parties should feel aggrieved by such final order, when entered. Exceptions noted.

SKEEL, PJ, HURD, J, KOVACHY, J, concur.